"Time Stamp"
Copy

FILED

LENT CHRISTOPHER CARR, II
                Plaintiff,

    -AGAINST-

(City Of Greenville), Pitt County
Pitt County Sheriff Department,
Mayor: Nancy Jenkins, Former
Sheriff: Billy Vandaford, Deputy
John Doe # 1, Deputy John Doe #
2, Deputy John Doe #3, Deputy John
Doe # 4, Deputy John Doe # 5,
Deputy John Doe # 6, Deputy John
Doe # 7, (Pitt Greenville Adult
Probation Office Of North Carolina)
Lisa Fornes, Mike Williams, Elvy
Forrest, Bill Sirginson, "in their
individual and official capacities,

           Defendant(S).

MAY 3 2001

DAVID W. ___ CLERK
U.S. DISTRICT COURT
E. DIST. NO. CAR.

*CIVIL ACTION SUIT*

"COMPLAINT"

CASE NO. 5·01-CT-338-H

## NOTICE TO PLEAD

TO THE DEFENDANT (S):

    You are hereby notified to plead to the within Complaint in
Civil Action within twenty (20) days of service hereof or a default
judgment may be entered against you.

*Lent C. Carr, II*
Lent Christopher Carr, II

### NOTICE

You have been sued in court. If you wish to
defend against the claims set forth in the
following pages, you must take action within
twenty (20) days after this complaint and
notice are served, by entering a written
appearance person-ally or by attorney and
filing in writing with the court your
defense or objections to the claims set
forth against you. You are warned that if
you fail to do so the case may proceed with-
out you and a judgement may be entered
against you by the court without further
notice for any money claimed in the complai-
nt or for any other claim or relief requested
by the plaintiff. You may lose money or pro-
perty or other rights important to you.

### AVISO

Le han demandado a usted en la corte. Si
usted quiere defenderse de estas demandas
expuestas en las paginas siguientes, usted
tiene veinte (20) dias de plazo al partir
de la fecha de la demanda y la notificacion.
Hace falta asentar una comparencia escrita
o en persna o con un abogado y entregar a
la corte en forma escrita sus defensas o
sus objeciones a las demandas en contra
desu persona. Sea avisado quesi usted no se
defiende, la corte tomara medidas y puede
continuar la demanda en contra suya sin previo
aviso o notificacion. Ademas, la corte puede
decidir a favor del demandante y requiere que
usted cumpla con todas las provisiones de
esta demanda. Usted puede perer dinero o sus
propiedades u otros derechos importantes
para usted.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA

LENT CHRISTOPHER CARR, II
                Plaintiff,

    -AGAINST-

(City Of Greenville), Pitt County,
Pitt County Sheriff Department,
Mayor: Nancy Jenkins, Former
Sheriff: Billy Vandaford, Deputy
John Doe # 1, Deputy John Doe #
2, Deputy John Doe #3, Deputy John
Doe # 4, Deputy John Doe # 5,
Deputy John Doe # 6, Deputy John
Doe # 7, (Pitt Greenville Adult
Probation Office Of North Carolina)
Lisa Fornes, Mike Williams, Elvy
Forrest, Bill Sirginson, "in their
individual and official capacities,

          Defendant(S).

"COMPLAINT"

PLAINTIFF DEMANDS
TRIAL BY JURY

## COMPLAINT IN CIVIL ACTION

### WITH A JURY DEMAND

This is a **Title 42 USCA §1983 Action** filed by **LENT CHRISTOPHER
CARR, II**, (SSN) #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, Reg. No.18442-056, who is presently
at the Federal Correctional Institution at Allenwood, Post Office
Box 2000. White Deer, Pennsylvania, Zip-Code; 17887. That alleges
a violation of his Constitutional Rights, privileges, and immunities
secured by the fourth, fifth, sixth, eighth, and fourteenth, amendments
to the Constitution of the United States of America, in that the
Municipality of the City Of Greenville, North Carolina had an
negligent **Arresting** Policy for its Pitt County Sheriff and Deputies
Officers that caused Plaintiff's Constitutional Injury and also
under the Doctrine of **RESPONDEAT SUPERIOR,** the Mayor, Nancy Jenkins,
and Sheriff Elect, Billy Vanderford are vicariously liable for
the inadequate procedures as to the Sheriffs Apprehension Policy

concerning **ARRESTEE'S.**

Plaintiff's Constitutional Rights under the Eight Amendment was violated when seven Sheriff Deputies, and two Pitt Greenville, North Carolina State Probation Officers used excessive force against this Plaintiff during his arrest, who at this time is seeking Money damages, Punitive and Compensatory. The Plaintiff request a Trial by Jury.

-2-

## JURISDICTION

1). This is a Civil Rights Action under **42 U.S.C. §1983.** This Court has Jurisdiction under **28 U.S.C. §1331(a).** Plaintiff also invokes the pendant Jurisdiction of this Court.

2). Defendant(S), City of Greenville, (hereinafter referred to as "City"), is, and at all times material hereto was, a city of the first class organized and existing under the laws of the State of North Carolina and has the affirmative duty to make regulations and establish policies which would and will effectively safeguard the health, safety and Constitutional Rights of its citizenry.

## PARTIES

3). Plaintiff:**/LENT CHRISTOPHER CARR,** II, is an adult individual currently incarcerated at the Allenwood Federal Correction Institution in White Deer, Pensylvania.

4). Defendant:**/NANCY JENKINS,** is Mayor of Greenville City and is responsible for the operation and management of the City, under the **"Doctrine Of Respondeat Superior",** she was decisive in overseeing the Elected Official County Sheriff. She is sued in her official capacities.

5). Defendant**/CITY OF GREENVILLE,** had in place for it's Sheriff's, a negligent Apprehension Policy concerning **ARRESTEE'S,** that was shoddy that it caused Plaintiff's injury that would not have otherwise happened, if it was not for **"STATE-CREATED-DANGER"** and thus the Municipality is liable, (Sued).

6). At all times material hereto, Defendant**/PITT COUNTY,** had the duty to adequately train, supervise, discipline and in other ways control Sheriff deputies in the exercise deputy functions, and, in so doing, to monitor deputy conduct in accordance with the

Constitution of the United States of America and the State of
North Carolina.

7). At all times material hereto, Defendant/**PITT COUNTY SHERIFF
OFFICE**, had created a **"STATE-DANGER"**, by way of the"Pitt County
Sheriffs' Crime Unit" that had poor training, that eventuated
into a violation of Plaintiffs' Eight Amendment Right, by him
being brutalized, thus the Sheriff Department is sued.

8). At all times material hereto, Defendant/**BILLY VANDAFORD**,
is the Sheriff Commissioner who is an Elected Official **Supervised-
Overseen-Regent**, of Mayor Nancy Jenkins, who is utlimately responsible
for the type of training and supervision of Sheriff personnel
in Pitt County, which includes "The Pitt County Sheriffs' Crime
Unit" Officers'. He is sued in his official capacities.

9). At all times material hereto, Defendant/**DEPUTY JOHN DOE
# 1**, Badge No.(NOT KNOWN), was a duly appointed Sheriff deputy,
employee and agent of the City of Greenville, assigned to the
Pitt County Sheriffs' Office, and at all times material hereto,
was acting both individually and in his officer capacity under
the color of the laws of the State of North Carolina and the City
of Greenville.

10). At all times material hereto, Defendant/**DEPUTY JOHN DOE
# 2**, Badge No.(NOT KNOWN), was a duly appointed Sheriff deputy,
employee, and agent of the City of Greenville, assigned to the
Pitt County Sheriffs' Office, and at all times material hereto,
was acting both individually and in his officer capacity under
the color of the laws of the State of North Carolina and the City
of Greenville.

11). At all times material hereto, Defendant/**DEPUTY JONH DOE
# 3**, Badge No.(NOT KNOWN), was a duly appointed Sheriff deputy,

employee, and agent of the City of Greenville, assigned to the Pitt County Sheriffs' Office, and at all times material hereto, was acting both individually and in his officer capacity under the color of the laws of the State of North Carolina and the City of Greenville.

12). At all times material hereto, Defendant/**DEPUTY JOHN DOE # 4**, Badge No. (NOT KNOWN), was a duly appointed Sheriff deputy, employee, and agent of the City of Greenville, assigned to the Pitt County Sheriffs' Office, and at all times material hereto, was acting both individually and in his officer capacity under the color of the laws of the State of North Carolina and the City of Greenville.

13). At all times material hereto, Defendant/**DEPUTY JOHN DOE # 5**, Badge No. (NOT KNOWN), was a duly appointed Sheriff deputy, employee, and agent of the City of Greenville, assigned to the Pitt County  Sheriffs' Office, and at all times material hereto, was acting both individually and in his officer capacity under the color of laws of the State of North Carolina and the City of Greenville.

14). At all times material hereto, Defedant/**DEPUTY JOHN DOE # 6** Badge No. (NOT KNOWN) was a duly appointed Sheriff deputy, employee and agent of the City of Greenville, assigned to the Pitt County Sheriffs' Office, and at all times material hereto, was acting both individually and in his officer capacity under color of the laws of the State of North Carolina and the City of Greenville.

15). At all times material hereto, Defendant/**DEPUTY JOHN DOE # 7**, Badge No. (NOT KNOWN) was a duly appointed Sheriff deputy, employee, and agent of the City of Greenville, assigned to the

Pitt County Sheriffs' Office, and at all times material hereto, was acting both individually and in his officer capacity under the color of laws of the State of North Carolina and the City of Greenville.

16). At all times material hereto, Deputy Officers (John Doe) # 1, 2, 3, 4, 5, 6, and 7, were acting in their individual capacities and were the agents, servants and/or employees of the Defendant, "City", "County" and were acting within the course and scope of their employment and in furtherance of its' business.

17). At all times material hereto, Defendant, City, had the duty to adequately train, supervise, discipline and in other ways control deputy officers' in the exercise of sheriff officers, functions, and, in so doing, to monitor officers' conduct in accordance with the Constitution of the United States of America and the State of North Carolina.

18). At all times material hereto, officers' (John Doe) # 1, 2, 3, 4, 5, 6, and 7, had the duty, in the exercise of sheriff officers' functions, to adhere to the customs and standards of sheriff officers conduct as authorized and supervised by the Defendants', City, and County.

19). During all times material to Plaintiff's cause of action, the Defendant acted under color of the statutes, ordinances, regulations, and customs and usages of the State of North Carolina and the City of Greenville, and County of Pitt. Each of the officers herein, separately and in concert, pursuant to their authority as agents, servants and employees of the Defendants, City and County, intentionally and deliberately engaged in

the unlawful conduct described more fully herein, thereby depriving Plaintiff of the rights, privileges and immunities secured by the fourth, fifth, sixth, eighth, and fourteenth amendments to the Constitution of the United States of America and the rights secured by the Constitution of the State of North Carolina.

20). At all times material hereto, the actions of the officers were committed with the knowledge and consent and under the supervision and direction of the Defendants, City, and County, or were thereafter approved and ratified by said Defendants, or were committed pursuant to a custom of tolerance by said Defendants regarding the use of excessive force.

21). At all times material hereto, Defendant/**PITT GREENVILLE ADULT PROBATION OFFICE OF NORTH CAROLINA**, had in place for its' Probation Officers, a negligent Apprehension Policy concerning **ARRESTEE'S**, that was shoddy that it caused Plaintiff's injury that would not have otherwise happened, if it was not for **"STATE-CREATED-DANGER"** and thus the Municipality is liable, (Sued).

22). At all times material hereto, Defendant/**NORTH CAROLINA STATE PROBATION OFFICE**, had the duty to adequately train, supervise, discipline and in other ways control Probation officers in the exercise officer functions, and, in so doing, to monitor officer conduct in accordance with the Constitution of the United States of America and the State of North Carolina.

23).At all times material hereto, Defendant/**PITT GREENVILLE ADULT PROBATION OFFICE OF NORTH CAROLINA**, is an extention connected and **Supervised-Overseen-Regent**, by the North Carolina Adult Probation Office, who is ultimately responsible for the training and supervision

of the Probation office personnel in Pitt County, which includes "The Pitt Greenville Adult Probation Arresting Unit" Officers. They are sued in their official capacities.

24). At all times material hereto, Defendant**/LISA FORNES,** was duly appointed Probation officer, employee and agent of the Pitt Greenville Adult Probation Office of North Carolina, and at all times material hereto, who was the Officer-In-Charge, acting both individually and in her officer capacity under the color of the laws of the State of North Carolina and the City of Greenville.

25). At all times material hereto, Defendant**/MIKE WILLIAMS,** was duly appointed Probation officer and Bounty Hunter, employee and agent of the Pitt Greenville Adult Probation Office of North Carolina, and at all times hereto, was acting both individually and in his officer capacity under the color of the laws of the State of North Carolina and the City of Greenville.

26). At all times material hereto, Defendant**/ELVY FORREST,** was duly appointed Probation officer and Bounty Hunter, employee and agent of the Pitt Greenville Adult Probation Office of North Carolina, and at all times hereto, was acting both individually and in his officer capacity under the color of the State laws of North Carolina and the City of Greenville.

27). At all times material hereto, Defendant**/BILL SIRGINSON,** was duly appointed Probation officer and Bounty Hunter, employee and agent of the Pitt Greenville Adult Probation Office of North Carolina, and at all times material hereto, was acting both individually and in his officer capacity under the color of the State laws of North Carolina and the City of Greenville.

28). At all times material hereto, Probation Officers , Lisa Fornes, Mike Williams, Elevy Forrest, and Bill Sirginson, were acting in their individual capacities and were agents, servants and/or employees of the Defendant, "Pitt Greenville Adult Probation Office of North Carolina" and were acting within the course and scope of their employment and in furtherance of its' business.

29). At all times material hereto, Defendant, North Carolina State Probation Office, had the duty to adequately train, supervise, discipline and in other ways control probation officers' in the exercise of probation officers, functions, and, in so doing, to monitor officers' conduct in accordance with the United States of America and the State of North Carolina.

30). At all times material hereto, probation officers' Lisa Fornes, Mike Williams, Elvy Forrest, and Bill Sirginson, had the duty, in the exercise of probation officers functions, to adhere to the custom and standards of probation officers conduct as authorized and supervised by the Defendants, Pitt County Adult Probation Office of North Carolina.

31). During all times material to Plaintiff's cause of action, the Defendant acted under color of the statutes, ordinances, regulations, and customs and usages of the State of North Carolina and the North Carolina Adult Probation Office, City of Greenville, and County of Pitt. Each of the officers herein, separately and in concert, pursuant to their authority as agents, servants and employees of the Defendants, North Carolina State Probation Office and of the Pitt Greenville Adult Probation Office, intentionally and deliberately engaged in the unlawful conduct described more fully herein, thereby depriving Plaintiff of the rights,

privileges and immunities secured by the fourth, fifth, eighth, and fourteenth amendments to the constitution of the United States of America and the rights secured by the Constitution of the State of North Carolina.

31). At all times material hereto, the actions of the officers were committed with the knowledge and consent and under the supervision and direction of the Defendant, North Carolina States Probation Office, Adult Division, or were thereafter approved and ratified by said Defendant, or were committed to a custom of tolerance by said Defendant, regarding the use of excessive force.

32). On or about, September 29, 1998, at approximately 12:35 a.m., Plaintiff was the alleged suspect of a crime, in furtherance, probation officers and sheriff deputies listed in complaint pursued the Plaintiff allegedly to serve a warrant and an allegations that he tried to hit a probation officer, with his automobile.

33). At said date and time, suddenly and without warning, probation and sheriff officers unnecessarily, willfully, maliciously, intentionly, and with reckless indifference to the safety and well-being of the Plaintiff struck the Plaintiff numerous of times, thereby inflicting serious injuries upon the Plaintiff.

34). As a direct and proximate result of the injuries inflicted by the probation and sheriff officers herein, Plaintiff has undergone significant medical treatment and may be required to incur medical expenses related to further treatment.

35). As a further direct and proximate result of the officers actions, Plaintiff continues to suffer great physical pain as

well as mental pain and anguish and has further been prevented from pursuing his usual course of daily activities.

36). Officers Mike Williams, Elvy Forest, John Doe #1, 2, 3, 4, 5, 6, and 7, were under a duty to use care and reasonable care in the application of force taking precautions for the safety of citizens.

37). At all times material hereto, Defendants, North Carolina State Probation Office, Adult Division, was under a duty to use due care,and reasonable care in the training and supervising of Pitt County Adult Probation officers in the use of force and was, at all times, under a duty to enforce the laws of the State of North Carolina and regulations of the North Carolina State Probation office pertaining to the use of force and deadly force by North Carolina State Probation officers, and formulate policies and regulations for the purpose of enforcing laws of the State of North Carolina and of the United States of America.

38). At all times material hereto, Defendants, City, and County, was under a duty to use due care and reasonable care in the training and supervising of Pitt County Sheriff deputies/officers in the use of force and was, at all times, under a duty to enforce the laws of the State of North Carolina and regulations of Pitt/Greenville Sheriff Department pertaining to the use of force and deadly force by Pitt/Greenville Sheriff deputies/officers, and formulate policies and regulations for the purpose of enforcing laws of the State of North Carolina and of the United states of America.

39). At all times material hereto, officers Mike Williams, Elvy Forest, John Doe # 1, 2, 3, 4, 5, 6, and 7, breached the aforesaid duty of due and reasonable care through their recklessness and carelessness in the application of force.

40). At all times material hereto, Defendant, City, County, and the North Carolina State Probation Office, breached the aforesaid duties, said breach being the direct cause of the injuries and damages sustained by Plaintiff as described in detail above.

41). At all times material hereto, said breach was invidiously directed toward Plaintiff in violation of privileges, rights and immunities secured to Plaintiff by the fourth, sixth, eighth, and fourteenth amendments to the Constitution of the United States.

42). The aforesaid injuries inflicted upon Plaintiff were the direct result of probation officers, Mike Williams, Elvy Forrest, also by deputy officers John Doe # 1, 2, 3, 4, 5, 6, and 7's breach of the duties of due and reasonable care in the application of force.

43). The aforementioned injuries inflicted upon Plaintiff were the direct result of Defendant, City, County, and North Carolina State Probation Office's negligence and recklessness in failing to prohibit or restrict the use of excessive force by the probation and sheriff officers and in failing to publish and enforce adequate guidelines.

44). At all times material hereto, all Defendants have acted under **"COLOR OF STATE LAW"** during all times relevant to this complaint.

45). At all times material hereto, Plaintiff was visiting his sister house after a terrorfying episode of what the Plaintiff perceived to be a carjacking as to him being approached by a stranger, in a rough and dangerous section of Greenville that has been known to have high crime rate to say the least, Plaintiff was protecting his and his Mother's safety from harms-way.

46). At all times material hereto, during this foresaid incident Plaintiff's Mother noticed a strange figure approaching his vehicle, in only just a matter of seconds this figure approached the Plaintiff's car door and demanded for the Plaintiff to get out of his automobile and upon the spare of the moment thought and or instint the Plaintiff sped off in tremendous fear, not wanting his mother nor him-self injured and or worse, killed, if what this unknown person wanted to was his vehicle or money, as to the person only stated, "GET OUT OF THE CAR!", in furtherance this person never stated who they were, however, Plaintiff was not willing to take the risk of getting out of his vehicle, not knowing what was going to happen next.

47). At all times material hereto, in regards to this forementioned intentional, deliberate, and unlawful conduct of aforesaid Defendants, approximately 12:35 a.m. Plaintiff was about to leave his sister's house when, without provocation Defendants, Mike Williams, Elvy Forrest, and five unknown (John Doe) sheriff deputies unnecessarily tackled the Plaintiff with an overwhelming blow of excessive force, that Plaintiff could not with-stand the "unwarranted and unprovoked" bodyslam.

48). At all times material hereto, it is herewith shown that during this most deedly assault, Defendant, Mike Williams without provocation did in fact strike Plaintiff five times with his fist in the head and proceeded to choke Plaintiff until Plaintiff's sister intervened and begged for the Defendant, Mike Williams to please stop choking him, your killing him!, Defendant Williams yelled stay back!,(and I quote),or I will kill this fucking black bastard, in furtherance Plaintiff's sister back up and Defendant, Mike Williams continued yelling, this fucking nigger of a brother of yours hit my partner with his damn car and if he makes one wrong move I will kill this damn punk, (and I quote).

49). At all times material hereto, during this aforesaid assault described Defendant, Elvy Forest did kick the defendant in the side and commanded for him to turn over on his stomach, Plaintiff, without a moment of hesitation did as the officer commanded him and did acquiesce to the order, by placing his hands behind his back, which was to indicate compliance, however, during the time of compliance, Defendant, (John Doe # 3), proceeded to handcuff the Plaintiff where he remained laying face down on the ground, continuing compliance to the direct order of Defendant, Elvy Forrest.

50). At all times material hereto, during and in relations to underlined incident, Defendant, (John Doe # 3) forcefully clamped down handcuffs around Plaintiff's wrist and proceeded to lift Plaintiff up from the ground cruelly by dragging and pulling him by the handcuffs until he had Plaintiff standing in which resulted and/or caused a gash in the Plaintiff's right wrist and in furtherance, to Deputy Officer, Defendant, (John Doe # 3)'s reckless indifference Defendant further swelled reigns of Plaintiff's

-14-

personal and physical safety, a direct and proximate result of
unnecessary and wanton of inflicted pain in Plaintiff's arms
and shoulder.

51). At all times material hereto, as Plaintiff was being
escorted by the Defendant(S), Deputy John Doe # 4, and Probation
Officer, Defendant, Mike Williams, together with his partners,
did repeatedly used racial epithets, against Plaintiff and his
race and without warning, Defendant, Mike Williams turned and
faced Plaintiff and said, "I hate you, you fucking spook', and
delivered another fist blow to the Plaintiff's head, in which
caused him to trip, and fall against Defendant, John Doe # 4,
and he in return, shoved Plaintiff and yelled, (and I quote),
"stand up, bastard shit!, you haven't seen nothing yet", and
proceeded to punch Plaintiff on the side of his head, as a result
of all the unnecessary and wanton infliction of pain, out of
proportion, Plaintiff went into a full epileptic seizure attack,
that resulted into his being Hospitalized and treated for the
inflicted injuries as a result of the officers actions, Plaintiff
continues to suffer great physical pain as well as mental pain
and anguish and has further been prevented from pursuing his
usual course of daily activities.

52). At all times material hereto, the aforementioned injuries
inflicted upon Plaintiff were a direct result of the aforesaid
Defendant(S), incorporates the allegations of paragraph one through
fifty-two above inclusive of this Complaint as though the same
were fully set forth herein.

## COUNT I

53). Plaintiff incorporates the allegations of paragraphs one through fifty-two inclusive of this Complaint as though the same were fully set forth herein.

54). The above-described extreme and outrageous intentional and reckless conduct of the officers inflicted severe emotional abuse and distress upon Plaintiff which continues to this date.

**WHEREFORE,** Plaintiff, Lent Christopher Carr, II, demands judgement against Defendant in the amount not in excess of two hundred fifty thousand (250,000.00) dollars, together with interest, cost and Litigant's fees.

## COUNT II

55). Plaintiff incorporates the allegations of paragraphs one through fifty-four inclusive of this Complaint as though the same were fully set forth herein.

56). As a result of the Officers' intentional conduct, there occurred a causal and intended consequence, repeated and continuous invasion of Plaintiff, Lent Christopher Carr, II's interest and freedoms from intentional and intermitted contact with with his person said battery led to harmful physical contact, as the harmful mental disturbances complained of above.

57). Plaintiff, Lent Christopher Carr, II, has suffered damages and continues to suffer damages as a result of said battery.

**WHEREFORE,** Plaintiff, Lent Christopher Carr, II, demands judgement against Defendant in an amount not in excess of two hundred fifty thousand (250,000.00) dollars, together with interest, cost and Litigant's fees.

## COUNT III

58). Plaintiff incorporates the allegations of paragraphs one trough fifty-seven inclusive of this Complaint as though the same were fully set forth herein.

59). As a result of the officers' intentional conduct, there occurred as a causal and intended consequence, repeated and continuous invasions of Plaintiff, Lent Christopher Carr, II's interest and freedom from apprehension of harmful and offensive assault upon him.

60). Plaintiff, Lent Christopher Carr, II, has suffered damages and continues to suffer damages as a result of the assault upon him.

**WHEREFORE,** Plaintiff, Lent Christopher Carr, II, demands judgement against Defendant in an amount not in excess of two hundred fifty thousand ($250,000.00) dollars, together with interest, cost and Litigant's fees.

## COUNT IV

61). Plaintiff incorporates the allegations of paragraphs one through sixty inclusive of this Complaint as though the same were fully set forth herein.

62). Defendant, City acted under the pretence and color of law and in its respective official capacity.

62). Sheriff deputies/officers, John Doe # 3 and # 4, acted willfully, knowingly and with the specific intent to deprive Plaintiff of his rights secured by the fourth, sixth, eighth, and fourteenth amendments to the Constitution of

the United States of America and by 42 U.S.C., 1983 and 1985.

63). Defendant, City, is directly liable and responsible
for the acts of the Sheriff deputies/officers and is therefore,
directly liable for injuries sustained by Plaintiff because
defendant failed to adequately train, supervise, discipline
or in any other way control the officers in the exercise
of their Sheriff deputies/officers functions.

64). Defendant, City, and County, is directly liable
and responsible for the acts of the Sheriff deputies/officers
and is directly liable for injuries to Plaintiff because
Defendant customarily, repeatedly, knowingly and intentionally
failed to enforce the Laws of the State of North Carolina
and the regulations of the Pitt County Sheriff Department
pertaining to the use of force and deadly force by Pitt County
Sheriff deputies/officers, thereby creating within the Pitt
County Sheriff Department an atmosphere of lawlessness in
which sheriff deputies/officers employ excessive and illegal
force and violence, including deadly force, in belief that
such acts will be condoned and justified. Defendant, City,
and County, therefore was or should have been aware of such
unlawful acts and practices prior to and at the time of the
unprovoked attack upon Plaintiff, Lent Christopher Carr,
II. The actions of Defendants, City, and County as forestated
and incorporated in paragraphs one through sixty-three inclusive
of this Complaint as though the same were fully set forth
herein, as relating to a "States-Created-Danger", is herewith
shown, City and County are directly liable.

65). As a direct result of the unprovoked attack as aforesaid, Plaintiff was effectively denied his rights under the fourth, fifth, sixth, eighth and fourteenth amendments to the Constitution of the United States of America.

**WHEREFORE,** Plaintiff, Lent Christopher Carr, II, demands judgement against Defendant in an amount not in excess of two hundred fifty thousand ($250,000.00) dollars, together with interest, cost and Litigant's fees.

## COUNT V

66). Plaintiff incorporates the allegations of paragraphs one through sixty-five inclusive of this Complaint as though the same were fully set forth herein.

67). The said sheriff deputies/officers and/or others delayed the necessary medical treatment of the Plaintiff by either negligently and/or intentionly failing to cause him to be transported to a hospital for a long period of time, thereby increasing the pain and suffering that Plaintiff had to endure and/or increasing the severity of injuries and even death, in light of Plaintiff's state of epilepsy.

68). The Plaintiff had to again seek medical attention and it was delayed by the actions and/or inactions of defendants, its agents, servants, workmen and employees, acting within the  course of their employment and within the scope of their authority.

69). Plaintiff, Lent Christopher Carr, II, has suffered injuries and emotional upset as a result of his treatment by said sheriff deputies/officers and/or others, and continues to suffer to this day.

70). The Defendants owed Plaintiff, Lent Christopher Carr, II, after he was arrested the obligation to treat him for injuries inflicted upon him by the sheriff deputies/officers, but failed and/or refused to provide him with adequate and prompt medical attention that he needed.

71). **WHEREFORE,** Plaintiff, Lent Christopher Carr, II, demands judgement against Defendant in an amount not in excess of two hundred fifty thousand ($250,000.00) dollars, together with interest, cost and Litigant's fees.

## COUNT VI

72). Plaintiff incorporates the allegations of paragraphs one through seventy-one inclusive of this Complaint as though the same were fully set forth herein.

73). The above-described extreme and outrageous intentional and reckless conduct of the probation officers inflicted severe emotional abuse and distress upon Plaintiff, Lent Christopher Carr,II, which continues to this date.

**WHEREFORE,** Plaintiff, Lent Christopher Carr, II, demands judgement against Defendant in an amount not in excess of two hundred fifty thousand ($250,000.00) dollars, together with interest, cost and Litigant's fees.

## COUNT VII

74). Plaintiff incorporates the allegations of paragraphs one through seventy-three inclusive of this Complaint as though the same were fully set forth herein.

75). As a result of the Probation Officers' intentional conduct, there occurred a causal and intended consequence, repeated and continuous invasion of Plaintiff, Lent Christopher Carr, II's interest and freedoms from intentional and intermitted contact with his person said battery led to harmful physical contact, as the harmful mental disturbance complaint of above.

76). Plaintiff, Lent Christopher Carr, II, has suffered damages and continues to suffer damages as a result of said battery.

**WHEREFORE,** Plaintiff, Lent Christopher Carr,II, demands judgement against Defendant in an amount not in excess of two hundred fifty thousand ($250,000.00) dollars, together with interest, cost and Litigant's fees,

## COUNT VIII

77). Plaintiff incorporates the allegations of paragraphs one through seventy-six inclusive of this Complaint as though the same were fully set forth herein.

78). As a result of the probation officers' intentional conduct, there occurred as a causal and intended consequence, repeated and continuous invasion of Plaintiff, Lent Christopher Carr, II's interest and freedom from apprehension of harmful and offensive assault upon him.

79). Plaintiff, Lent Christopher Carr, II, has suffered damages and continues to suffer damages as a result of the assault upon him.

**WHEREFORE,** Plaintiff, Lent Christopher Carr, II, demands judgement against Defendant in an amount not in excess of two hundred fifty thousand ($250,000.00) dollars, together with interest, cost and Litigant's fees.

## COUNT IX

80). Plaintiff incorporates the allegations of paragraphs one through seventy-nine inclusive of this Complaint as though the same were fully set forth herein.

82). Defendant, North Carolina State Probation Office acted under the pretence and color of law and in its respective official capacity.

82). Probation officers, Mike Williams, and Elvy Forrest, acted willfully, knowingly and with the specific intent to deprive Plaintiff of his rights secured by the fourth, sixth, eighth, and fourteenth amendments to the Constitution of the United States of America and 42 U.S.C., 1983 and 1985.

83). Defendant, North Carolina State Probation Office, is directly liable and responsible for the acts of the Probation officers and is therefore, directly liable for injuries sustained by Plaintiff because defendant failed to adequately train, supervise, discipline or in any other way control the officers in the exercise of their State probation officers functions.

84). Defendant, North Carolina State Probation Office "REGIONAL", and Pitt County Adult Probation Office, is directly liable for injuries to Plaintiff because Defendant customarily, repeatedly, and knowingly and intentionally failed to enforce the Laws of the States of North Carolina and regulations of the Pitt County Adult State Probation Office pertaining to the use of force and deadly force by the Pitt

County Probation officers an atmosphere of lawnessness in which probation officers employ excessive and illegal force and violence, including deadly force, in belief that such acts will be condoned and justified. Defendant, North Carolina State Probation Office "REGIONAL", and Pitt County Adult Probation Office, therefore was or should have been aware of such unlawful acts and practices prior to and at the time of the unprovoked attack upon Plaintiff, Lent Christopher Carr, II. The actions of Defendants, North Carolina State Probation Office "REGIONAL", and the Pitt County Adult Probation Office, as forestated and incorporated in paragraphs one through eighty-four inclusive of this Complaint as though the same were fully set forth herein, as relating to a "State-Created-Danger", is herein shown, North Carolina State Probation Office "REGIONAL", and the Pit County Adult Probation Office are directly liable.

85). As a direct result of the unproved attack as aforesaid, Plaintiff was effectively denied his rights under the fourth, sixth, eight and fourteenth amendments to the Constitution of the United States of America.

**WHEREFORE,** Plaintiff, Lent Christopher Carr, II, demands judgement against Defendant in an amount not in excess of two hundred fifty thousand ($250,000.00) together with interest, cost and Litigant's fees.

## COUNT X

86). Plaintiff incorporates the allegations of paragraphs one through eighty-five inclusive of this Complaint as though the same were fully set forth herein.

87). The said probation officers and/or others delayed the necessary medical treatment of the Plaintiff by either negligently and/or

intentionally failing to cause him to be transported to a hospital for a long period of time, thereby increasing the severity of injuries and even possibly death, in light of Plaintiff's state of epilepsy.

88). The Plaintiff had to again seek medical attention and it was delayed by the actions and/or inaction of defendants, its agents, servants, workmen and employees, acting within the scope of their authority.

89). Plaintiff, Lent Christopher Carr, II, has suffered injuries and emotional upset as a result of his treatment by said probation officers and/or others, and continues to suffer to this date.

90). The Defendants owed Plaintiff, Lent Christopher Carr, II, after he was arrested the obligation to treat him for injuries inflicted upon him by probation officers, but failed and/or refused to provide him with adequate and prompt medical attention that he needed.

91). **WHEREFORE,** Plaintiff, Lent Christopher Carr, II, demands judgement against Defendant in an amount not in excess of two hundred fifty thousand ($250,000.00) dollars, together with interest, cost and Litigant's fees.

## RELIEF SOUGHT

92). Plaintiff incorporates the allegations of paragraph one through ninety-one inclusive of this Complaint as though the same were fully set forth herein.

93). **WHEREFORE,** PLAINTIFF REQUEST THIS Honorable Court grant the above relief as set forth and the following:

(a). Grant punitive damages of $50,000.00 against each of the Defendant(S).

(b). Grant comensatory damages in the following amounts listed in Caseb.01Ccr00338H-theDocumierith1 ApikedP05/03aorinetatg0Defendant(S).

LENT CHRISTOPHER CARR, II
ALLENWOOD FEDERAL CORRECTION
INSTITUTE
POST OFFICE BOX 2000
WHITE DEER, PENNSYLVANIA
ZIP-CODE; 17887-2000
UNIT 4-(B), USM.NO.18442-056


BY: _____
LENT CHRISTOPHER CARR, II,
Litigant/Plaintiff

## **V E R I F I C A T I O N**

Lent C. Carr, II, Lititgant/Plaintiff, being duly sworn, deposes and says that the facts, averments or denials, set forth in the foregoing Complaint in Civil Action are true and correct to the best of his personal knowledge or information and belief; or is unsworn and subject to the penalties of law as is in order.

> LENT CHRISTOPHER CARR, II
> ALLENWOOD FEDERAL CORRECTION
> INSTITUTE
> POST OFFICE BOX 2000
> WHITE DEER, PENNSYLVANIA
> ZIP-CODE; 17887-2000
> UNIT 4-(B), USM.NO.18442-056

BY: _____
LENT CHRISTOPHER CARR, II,
Litigant/Plaintiff

## CERTIFICATE OF SERVICE

Lent C. Carr, II, Litigant/Plaintiff, hereby certifies that a true and correct copy of Plaintiff's Complaint was transmitted on _March 24_ , 2001 by first class mail to the following parties or their counsel:

> LENT CHRISTOPHER CARR, II
> ALLENWOOD FEDERAL CORRECTION
> INSTITUTE
> POST OFFICE BOX 2000
> WHITE DEER, PENNSYLVANIA
> ZIP-CODE; 17887-2000
> UNIT 4-(B), USM.NO.18442-056

(CC): City Of Greenville *

Pitt County Office *

Pitt County Sheriff *
Sheriff Department

Mayor, Nancy Jenkins *

Former Sheriff, *
Billy Vandaford

Sheriff Deputies, *
#1, #2, #3, #4, #5,
#6, and #7

Pitt Greenville Adult *
Probation Office

North Carolina Adult *
Probation Office
Regional Office

Lisa Fornes *

Mike Williams *

Elvy Forest *

Bill Sirginson *

LCF # 000103

BY: _____
LENT CHRISTOPHER CARR, II,
Litigant/Plaintiff